UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| ELMER BARRIOS AGUIRRE, | ) ) | Case No. 5:26-cv-02396-DTB |
| Petitioner, | ) ) ) | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | ) ) ) | |
| TODD M. LYONS, et al., | ) ) ) | |
| Respondents. | ) ) ) ) ) | |

**I.**

**PROCEDURAL HISTORY**

On May 6, 2026, petitioner Elmer Barrios Aguirre ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1) with an attached exhibit (Docket No. 1-1). The Petition alleges the following grounds for habeas relief: (1) Petitioner's detention violates his right to substantive due process under the Fifth Amendment; and (2) Petitioner's

1

detention violates his right to procedural due process under the Fifth Amendment. (Petition at 16-17).[1]

On May 13, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 5), Respondents filed an Answer to the Petition ("Answer") (Docket No. 8), with an attached exhibit (Docket No. 8-1).  In the Answer, Respondents, without addressing the merits of the claims alleged in the Petition, contend that the Court does not have jurisdiction over the claims alleged in the Petition under 8 U.S.C. § 1252.  (Docket No. 8 at 5-9).[2]  In the Answer, after noting that on April 23, 2026, Petitioner was provided with a bond hearing, but that Petitioner's counsel withdrew the request (see Docket No. 8-1), Respondents assert that "[s]hould the Court be inclined to grant Petitioner any relief, it would be to allow him to request another bond hearing before the Immigration Court."  (Docket No. 8 at 9).

Petitioner did not file a Reply.

Thus, this matter is now ready for decision.  For the reasons set forth below, the Court grants the Petition.

## II.

## BACKGROUND

Petitioner is a 19 year-old citizen native and citizen of Mexico.  (Petition at ¶¶ 2, 15, 37).  On October 6, 2024, Petitioner entered the United States at the San Ysidro Port of Entry, and presented himself to immigration officials pursuant to an appointment scheduled through the CBP 1 application.  (Id.; see Docket No. 1-1 at 2).  Petitioner was processed by United States Customs and Border Protection, and was issued a Notice to Appear, dated October 6, 2024, which charged Petitioner with

---

[1]   For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

[2]   The Court rejects Respondents' contention.

removability under Immigration and Nationality Act § 212(a)(7)(A)(i)(I) as an arriving alien. (Petition at ¶¶ 3, 39; see Docket No. 1-1 at 3-6). Petitioner was released and went to live with his family. (Petition at ¶¶ 3, 39-40).

On January 25, 2025, Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), which remains pending. (Id. at ¶¶ 5, 15, 41).

Between October 2024 and March 2026, Petitioner resided at a stable address, complied with his reporting requirements, attended his immigration court hearings, and did not commit any crimes or otherwise violate the terms of his release. (Petition at ¶¶ 4, 7, 40). Petitioner has never been arrested and has never evaded arrest. (Id. at ¶ 7).

On March 31, 2026, at a scheduled appointment with immigration authorities, Petitioner was detained by Immigration and Customs Enforcement ("ICE"). (Petition at ¶¶ 6, 42). Petitioner was transferred to the Adelanto Processing Center in Adelanto, California, where he is currently detained. (See https://locator.ice.gov/odls/#/results; Petition at ¶¶ 6, 15, 42).

## III.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the

3

legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## IV.

## DISCUSSION

### A.  Petitioner's Second Claim Warrants Habeas Relief.

Given Respondents' election not to oppose the merits of the claims in the Petition, the Court finds that Respondents consent to the arguments raised in the Petition pursuant to Central District of California Local Civil Rule 7-12. Accordingly, the Court considers the facts and contentions alleged by Petitioner to be unopposed.[3]

The second claim in the Petition alleges that Petitioner's detention violates his right to procedural due process under the Fifth Amendment. (Petition at 17).

#### 1.  Procedural Due Process.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. All persons in the United States, "including aliens, whether their presence here is lawful, unlawful, temporary, or permanent," are entitled to protection under this provision of the Constitution. Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical

---

[3]  Respondents' non-opposition, in itself, can serve as a basis to grant the Petition. See Orozco v. Warden, Adelanto Detention Facility, et al., Case No. 5:26-cv-02385-BFM; Docket No. 14 at 2 (citing cases).

restraint—lies at the heart of the liberty [the Due Process Clause] protects." Id. at 690; see also United States v. Salerno, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases).

Generally, the Due Process Clause "requires some kind of a hearing *before* the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). In Mathews v. Eldride, 424 U.S. 319 (1976), the Supreme Court established three factors for a court to consider for purposes of determining what process is constitutionally sufficient to protect a liberty interest: The private interest that will be affected by the official action; the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Id. at 335; see Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, and noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); López v. Wofford, Case No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) (collecting cases extending Mathews "to the context of immigration detention").

Thus, the Court considers the Mathews factors as applied to Petitioner's claim.

5

### a.     Private Interest

Petitioner has resided in the United States for almost a year and a half following his initial contact and release by immigration officials.  During that time, he has lived at a stable address with family and has not suffered any criminal arrests or convictions.  He applied for asylum, withholding of removal, and protection under CAT on January 25, 2025; that application is still pending.  (Petition at ¶¶ 3-5, 7,15, 39-41).

Accordingly, Petitioner's liberty interest in remaining out of custody is protected under the Due Process Clause.  See e.g., Cruz v. Lyons, Case No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129, at *3 (C.D. Cal, Nov. 6, 2025) (finding the petitioner had a protectable liberty interest in remaining on supervised immigration release); C.A.R.V. v. Wofford, Case No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *10 (E.D. Cal. Nov. 1, 2025) (finding the petitioner had a constitutionally protected liberty interest in remaining out of ICE custody based on the "approximately four years on parole" preceding his re-detention).

Pursuant to the holding in Mathews, Petitioner should have been afforded a hearing prior to being detained.  Petitioner has a substantial private interest in remaining free from detention, living in his home, engaging in lawful employment and generally participating in the community, all while out of custody.  See C.A.R.V., 2025 WL 3059549, at *10 ("As to private interest, during his approximately four years on parole, C.A.R.V. obtained permission to work, pursued gainful employment, and built a relationship with his fiancé and many others in his community. . . . Petitioner has a substantial private interest in being out of custody and his detention denies him that liberty interest."); Pinchi, 792 F. Supp. 3d at 1034-35 ("Ms. Garro Pinchi justifiably relied on the government's implied promise in obtaining employment, taking on financial responsibility for her

6

family members, and developing community relationships. The more than two years that she has spent out of custody since ICE initially released her have only heightened her liberty interest in remaining out of detention."); Manzanarez v. Bondi, Case No. 1:25-cv-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding that petitioner had a private interest in remaining free from detention where "he was released on his own recognizance for over two years and complied with his [order of release on recognizance] conditions during that time"); López, 2025 WL 2959319, at *6 ("Petitioner had been out of custody for nearly four years, and during that time, began a life in the United States, living with her partner and complying with the terms of her release. Her detention denies her that freedom.").

          b.      <u>Risk of Erroneous Deprivation</u>

The absence of a predetention hearing under these circumstances presents an unacceptable risk that the government would erroneously deprive Petitioner of his liberty interest. Civil immigration detention is permissible only to prevent flight or reduce the risk of danger to the community. <u>Zadvydas</u>, 533 U.S. at 690-91. The risk of a wrongful deprivation is particularly high here given the evidence that Petitioner was released in 2024. Respondent has adduced no evidence – or even argued – that Petitioner poses a risk of flight or a danger to the community. The government clearly did not believe Petitioner to be a risk of flight or a danger to the community when he was released in 2024; otherwise, the government would not have released him. <u>Cf.</u> e.g., <u>Sequen v. Albarran</u>, Case No. 25-cv-06487-PCP, 2025 WL 2935630, at *11 (N.D. Cal. Oct. 15, 2025); <u>Singh v. Andrews</u>, Case No. 1:25-cv-00801-KES-SKO (HC), 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025). As noted, ICE has *already determined* that Petitioner does not pose a flight risk or danger to his community when it released him in 2024. There is no

evidence indicating that this decision was erroneous or should otherwise be reassessed.

### c.    Government Interest

As for the third Mathews factor, "as many other courts have recognized, there is no meaningful countervailing Government interest that supports detaining previously paroled noncitizens like petitioner without a pre-detention hearing." Cruz, 2025 WL 4051129, at *4 (collecting cases).  Here, the government has made no argument as to why Petitioner should be detained.  Moreover, Petitioner was released in 2024.  "[T]he Government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lessor bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017).  Moreover, "any fiscal or administrative burden on the additional procedural safeguard of a hearing before neutral adjudicator imposes on the Government is at most minimal'[.]" Sun v. Santa Cruz, Case No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted).  There are no facts in the instant record which would support a finding that the government's decision in 2024 to release Petitioner was made in error.

Therefore, the Court finds that there is a great risk that the lack of a predetention process – a hearing to determine whether Petitioner, in fact, presents a risk of flight or danger to the community – has resulted in his unnecessary detention. See Mourey v. Bowen, Case No. 5:25-cv-03262-WLH (DTB), 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026).

Respondents have offered no reason – much less any compelling reason – as to why the government should be able to detain Petitioner, who has developed a significant liberty interest during his year and a half on release and likely poses no danger to his community or risk of flight, without first providing him with notice and opportunity for a hearing before a neutral adjudicator.

Accordingly, the Court concludes that the government's detention of Petitioner on March 31, 2026, without adequate predetention process, when he had previously been released and had been compliant with his release, violated his right to procedural due process under the Fifth Amendment.

Given the violation of Petitioner's due process rights, the Court further concludes that "Petitioner's release is necessary to return him to the status quo." Nazarian v. Noem, Case No. 5:25-cv-KK-DSR, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025). The status quo is "the last uncontested status which preceded the pending controversy." GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted). The last uncontested status here is Petitioner's release on his prior conditions of release. See Nazarian, 2025 WL 3236209, at *7 ("The last uncontested status in this case is Petitioner's release on his second OSUP before his current re-detention."). "Accordingly, Petitioner's release from custody is the appropriate remedy." Id.; see Esmail v. Noem, Case No. 2:25-cv-8325-WLH-RAO, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025) ("Providing Petitioner an interview *ex post facto*, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process. The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

/ / /

9

For the reasons set forth above, the Petition is GRANTED, and a writ shall issue ordering Petitioner's immediate release from custody.[4]

## V.

## CONCLUSION

IT THEREFORE IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to immediately release Petitioner from custody, subject to the same conditions (if any) that Petitioner was subject to at the time he was arrested and detained, and return all property confiscated from him during his arrest and processing into detention; (3) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from redetaining Petitioner without notice and a predetention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (4) Respondents shall file a status report within two (2) business days to confirm that Petitioner has been released from custody pursuant to this Order.

DATED: May 27, 2026

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[4]   The Court's determination that Petitioner is entitled to habeas relief on the second claim alleged in the Petition renders it unnecessary for the Court to address the first claim alleged in the Petition.

10